**EXHIBIT A**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

September 16 2020 3:45 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-07659-2

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

| | |
|---|---|
| GLENN S. MORRISON, DO, <br><br> Plaintiff <br><br> vs. <br><br> STATE OF WASHINGTON, DEPARTMENT OF HEALTH and SOCIAL SERVICES (DSHS); DEPARTMENT OF HEALTH (DOH), DAVID HOLT, CEO WESTERN STATE HOSPITAL; KATHERINE RAYMER, DANIEL RUIZ PAREDES, TODD M. TERHAAR, DOH HEALTH CARE INVESTIGATOR III; CITY OF TACOMA and JENNIFER TERHAAR <br><br> Defendants | NO. <br><br><br> COMPLAINT |

COMES NOW the Plaintiff, Glenn S. Morrison, DO, by and through his attorney of record, Richard H. Wooster of the law firm of Kram & Wooster, P.S., for cause of action against the Defendants complain and allege as follows:

## I. JURISDICTION AND VENUE.

1.1    Plaintiff Dr. Glenn S. Morrison, D.O (hereinafter "Dr. Morrison" or "Morrison" or "Plaintiff" .is a physician who lives and practices in Pierce County, Washington.

COMPLAINT -Page 1

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1.2 Defendant Washington State (hereinafter "Washington") is a state formed pursuant to the United States Constitution.

1.3 Defendant Washington State **Department of Health and Social Services** (hereinafter "DSHS") is a department of Washington State Government.

1.4 Defendant David Holt (hereinafter "Holt") is employed by DSHS as the Chief Executive Officer at Western State Hospital.

1.5 Defendant Katherine Raymer (hereinafter "Raymer") is employed as the Chief Medical Officer at Western State Hospital.

1.6 Defendant Daniel Ruiz Paredes, at all times relevant was employed at Western State Hospital as Plaintiff's direct supervisor.

1.7 Defendant, Washington State **Department of Health** (hereinafter "DOH") is a department of Washington State Government.

1.8 Defendant Todd M. Terhaar (hereinafter "T. Terhaar" or "Mr. Terhaar") is employed as an health care investigator for DOH and is the spouse of Defendant Jennifer Terhaar and this lawsuit is asserted against Todd M. Terhaar and Jennifer Terhaar individually and against their marital community.

1.9 Defendant **City of Tacoma** (hereinafter "Tacoma") is a municipality organized under the laws of Washington.

1.10 Defendant Jennifer Terhaar (hereinafter "J. Terhaar" or "Mrs. Terhaar") is employed by the Tacoma Police Department (hereinafter "TPD"). Jennifer Terhaar is the spouse of T. Terhaar and this lawsuit is asserted against Todd M. Terhaar and Jennifer Terhaar individually and against their marital community.

1.11 Action may be brought in Pierce County pursuant to RCW 4.12.025.

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

## II.   FACTUAL BACKGROUND.

2.1   Plaintiff, Dr. Glenn Morrison is Psychiatrist employed by the State of Washington, Department of Social and Health Services (DSHS) as a psychiatrist at Western State Hospital (hereinafter "WSH").

2.2   Dr. Morrison is, and at times relevant has been the President of the Union Physicians of Washington (hereinafter "Union" or "UPW") which is the recognized labor union representing the represented physicians at WSH and other facilities.

2.3   Dr. Morrison has been an outspoken critic of the management practices at WSH hospital and the standard of care made available to patients at WSH as a result of chronic and ongoing mismanagement at WSH and abusive and retaliatory tactics employed by DSHS and its senior management team.

2.4   As a result of chronic mismanagement WSH lost its federal accreditation with Centers for Medicare and Medicaid Services resulting in the loss of approximately $53 million in federal funding every year.  WSH has great difficulty in hiring and retaining competent doctors.

2.5   Western State Hospital is located in Pierce County, Washington.  Western State houses and cares for mental ill individuals including persons civilly committed, held pursuant to issues related to the criminal justice system including persons who are not mentally fit to stand trial for alleged offenses or who have been found not guilty by reason of insanity or who are under observation and evaluation to determine if such individuals may be processed within the criminal justice system.

2.6   Western State Hospital has had a recent and long history of issues regarding its ability to handle and provide treatment for persons brought into the institution to receive treatment for their mental health issues.   These issues include, but are not limited to, inability to attract and retain competent staff, inequities in pay among

COMPLAINT -Page 3

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

staff, harassment and discrimination of staff members by other employees and managers, failure to provide sufficient care and treatment, turnover of senior management personnel, low morale among staff, dangerous working conditions, lack of defined polices, inconsistent enforcement of policies, security issues, lack of bed space, discriminatory and vindictive management activities, and failure to provide coherent treatment policies and procedures.  As a result of the incompetent management at WSH, WSH has lost its federal accreditation and millions of dollars in federal funds necessary to assist a most vulnerable population.  These issues are matters of important public concern.

2.7     In August of 2016, Western State Hospital quietly abandoned its Joint Commission accreditation.   This decision impacts the prestige and status of Western State Hospital and those persons employed at that facility and limits sources of funding for the care of mental ill patients.

2.8     On or about February 12, 2016, Plaintiff was paged to report to speak with senior WSH officials, Ron Adler ("Adler"), then Chief Executive Officer of WSH and Victoria Roberts ("Roberts"), then Deputy Secretary of DSHS.    Plaintiff was informed that effective immediately he was being assigned to home assignment and he was forbidden to speak with anyone at Western State Hospital.   This reassignment was because of his direct comments regarding deficiencies at Western State Hospital that impacted operations, including patient care.

2.9     This reassignment action against Morrison was taken immediately before surveyors were scheduled to conduct investigations at Western State Hospital and the home assignment would insure that Plaintiff did not have the ability to speak with the surveyors about his concerns related to the operations at Western State Hospital.   These actions were taken in direct response to the statements made by

COMPLAINT -Page 4

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1   Plaintiff regarding the deficiencies at Western State Hospital that were matters of

2   important public concern.

2.10   After placing Plaintiff on home assignment, Defendants directed to have persons

4   search Plaintiff's private office at Western State Hospital.   Plaintiff had an

5   expectation of privacy that his private papers in that office would not be disturbed.

6   The office was assigned exclusively to Plaintiff and Plaintiff had a key with which

7   to lock that office.  Plaintiff was not informed prior to the search of his office and

8   did not consent to the search.

2.11   Plaintiff had worked with Roberts to develop physician accountability arising

10   from whistle blower complaints.

2.12   After a short stint of home assignment, Plaintiff was directed to report to an office

12   in Lacey.  At that location the Plaintiff was given no meaningful duties to perform

13   and essentially was subjected to house arrest in a cubical during working hours.

14   This situation went on for months.

2.13   Plaintiff was subject to an investigation of his work that was conducted in a

16   haphazard and slip shod manner with no objective criteria for the evaluation of

17   Plaintiff's work.   The sole purpose for the investigation was to undermine

18   Plaintiff's credibility and to keep him out of Western State Hospital because of

19   Plaintiff's comments on matters of public concern.

2.14   Plaintiff was accused of deficiencies that allegedly occurred during periods of

21   time when Plaintiff was not even present at Western State Hospital but was out on

22   approved vacation or reassignment.

2.15   Eventually, Plaintiff was returned to work at Western State Hospital with no

24   findings that he committed any wrongdoing.   Nevertheless, Plaintiff was prohibited

25

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1    from resuming his full duties and was on a limited assignment.  This limited

2    assignment cost Plaintiff substantial amounts of pay each and every month.

2.16    In addition to the financial losses experienced by the Plaintiff, Plaintiff has

suffered significant and ongoing non-economic damages including but not limited to

emotional distress, damage to reputation, loss of professional standing, stress, loss

of professional opportunities, sleeplessness and anxiety.

2.17    The conduct of the Defendants in retaliating against Plaintiff for speaking out on

matters of important public concerns were done willfully, maliciously and with

reckless indifference to Plaintiff's constitutionally protected rights.

2.18    The conduct of the Defendants was taken under color of law and constituted a

misuse of their governmental authority for the purpose of causing Plaintiff a

depravation of his Constitutional rights in retaliation for his exercise of First

Amendment Rights of speech and petition.

2.19    In response to the treatment just described, Dr. Morrison filed a Federal Law Suit

and a Union Grievance over the reassignment and the efforts to block him from his

regularly assigned duties and extra duty pay to which he would normally earn.

Eventually, both the lawsuit and the Union grievance were settled at a mediation

with payment under the Union Grievance in the amount of $50,000 for lost wages,

and payment to Dr. Morrison and his attorneys for approximately an additional

$85,000.00 in damages and attorneys' fees and Dr. Morrison was returned to his

duties.  The settlement agreement was signed on April 3, 2018.

2.20    On approximately, August 1, 2018 an "anonymous complaint" was submitted the

State of Washington Department of Health (DOH) alleging that Dr. Morrison had

been engaging in prostitution solicitation, illicit drug use and child pornography.

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA. WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

The report included his Osteopathic Physician & Surgeon License Number and that he worked at Western State Hospital.

2.21    This complaint was assigned to DOH Healthcare Investigator III, Todd M. Terhaar.

2.22    Mr. Terhaar was hired by DOH sometime after Mr. Terhaar had resigned from the Tacoma Police Department after it came to light that Terhaar had lied about his involvement in the pursuit of a suspect vehicle that was involved in a collision with an innocent civilian who died as a result of the injuries sustained when his vehicle was rammed at an intersection while then TPD Officer, Todd Terhaar was engaged in a high speed pursuit on a residential street without activating his lights or siren. Mr. Terhaar alleged that he was not engaged in a pursuit and filed a false police report misrepresenting his actions prior to the crash that killed a citizen.

2.23    Mr. Terhaar's lies came to light when the local newspaper reported there had not been a police pursuit preceding the fatal crash and the newspaper and/or the City of Tacoma was contacted by citizens who had witnessed the suspect vehicle driving at a very high rate of speed immediately pursued by a Tacoma Police Patrol car, without lights or siren, down a residential side street immediately before the crash.

2.24    Mr. Terhaar TPD records had a number of other complaints in his files alleging retaliation and profanity outbursts and obscene gestures by Mr. Terhaar to neighbors and suspects which he was a TPD officer.    Nevertheless, the DOH hired Mr. Terhaar as a Health Investigator.

2.25    Mr. Terhaar submitted written questions to Dr. Morrison asking about his use of the services of prostitutes in the past ten years.  "5) Have you ever used or solicited the services of a prostitute in the past 10 years?  If yes please describe when, where, why, how often."

COMPLAINT -Page 7

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.26   Dr. Morrison truthfully responded that he had not used or solicited the services of prostitutes in the past ten years. Dr. Morrison truthfully responded, "No" in answer to that question as he has not used or solicited the services of a prostitute in the past ten years, or ever.   Mr. Terhaar asserted that Dr. Morrison's response was not truthful because he had obtained some non-conviction data regarding Dr. Morrison from approximately 2011.  Terhaar also suggested in an e-mail of October 22, 2018 that Dr. Morrison's response to his September 18, 2018 letter may trigger additional charges against him for violations of RCW 18.130.180 (8)(b) for failure to cooperate and RCW 18.130.180(22) for interference with an investigation.

2.27   In fact, Mr. Terhaar had improperly accessed non-conviction data related to Dr. Morrison.   Mr. Terhaar had no legitimate law enforcement purpose for accessing non-conviction data related to Dr. Morrison.

2.28   Mr. Terhaar's role was a civil health care investigator without any law enforcement purpose.

2.29   When Mr. Terhaar attempted to access criminal history information for which he had access rights he could not find any data regarding Dr. Morrison.   However, Mr. Terhaar went to his wife, Jennifer Terhaar who is an employee of the Tacoma Police Department (TPD) and had her access non-conviction data in direct violation of law. Jennifer Terhaar had no legitimate law enforcement purpose to access non-conviction data related to Dr. Morrison.  J. Terhaar had not met Dr. Morrison and was not investigating Dr. Morrison for any lawful purpose.

2.30   J. Terhaar provided Mr. Terhaar a police report number for an arrest of Dr. Morrison for which no criminal charges were ever filed.  Allegedly, Mr. Terhaar then obtained the report for South Sound 911 records center although it may be that J. Terhaar obtained the report and transmitted it to her husband.  J. Terhaar had no

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

legitimate law enforcement reason for transmitting this information to her husband. This account is detailed in the Tacoma Police investigation into the access of Dr. Morrison's non-conviction criminal history data.

2.31    TPD investigators stated that Paul Bakala, a DOH team supervisor, asserted that Mr. Terhaar is authorized to access non-conviction data without a legitimate law enforcement purpose.    That claim is false.    Access to non-conviction data, as opposed to, criminal records of convictions is strictly controlled and Mr. Terhaar had no lawful right of access to non-conviction data.

2.32    In the course of that TPD investigation, Todd Terhaar's wife, Jennifer Terhaar told TPD investigators that "As a result of these investigations, Dr. Morrison is now facing possible employment termination for failing to report his arrest to WSH Administration, per their policy. Additionally, Dr. Morrison has filed complaints against Todd of the same nature as this complaint. Todd has now told me that during his investigation, Dr. Morrison was initially dishonest, and denied being arrested by TPD, and only admitted to such after being presented with a copy of the arrest report he received from SS911 during an in interview with him and his attorney." The allegation that Dr. Morrison was initially dishonest and denied being arrested by TPD, and only admitted to such after being presented with a copy of the arrest report [Terhaar] received from SS 911..." is false and defamatory.

2.33    The Tacoma Police Department investigated the complaint against Jennifer Terhaar and reported to Dr. Morrison that there was no misconduct by her and she was "Exonerated" from any misconduct despite the fact that she accessed restricted, non-conviction criminal information regarding Dr. Morrison in violation of training received at the Criminal Justice Training Academy by investigation TPD personnel, Jennifer Terhaar and Todd Terhaar because there was no legitimate law enforcement

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA. WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

purpose for her to access non-conviction data and Mr. Terhaar was not engaged in law enforcement activities at the time he used his wife to access restricted non-conviction information.   Jennifer Terhaar proceeded to make other false statements asserting that Dr. Morrison was facing termination of his employment.

2.34    Throughout Mr. Terhaar's interaction with Dr. Morrison and his attorney, Mr. Terhaar was rude and emotionally unstable.   He accused Dr. Morrison's counsel of threatening him when Mr. Terhaar was asked how he had obtained non-conviction data that was not related to a legitimate law enforcement investigation.   While Mr. Terhaar's position as a Health Investigator gives him limited access to criminal records, because there is no legitimate law enforcement purpose and Mr. Terhaar had no lawful right to access non–conviction data.

2.35    Throughout his interview with Dr. Morrison, Mr. Terhaar refused to address Dr. Morrison as Dr. Morrison, but insisted upon addressing him as "Mr. Morrison" even after being repeatedly admonished that refusing to use Dr. Morrison's earned title was hostile and disrespectful.

2.36    Mr. Terhaar then attempted to threaten Dr. Morrison's health care provider into disclosing Protected Health Information related to Dr. Morrison by threatening that doctor with fines, sanctions and public shaming on the DOH website if he did not comply with Mr. Terhaar's information request for Dr. Morrison's Protected Health Information.   Although Mr. Terhaar was aware that Dr. Morrison had an interest in attempts to access protected health information, Mr. Terhaar failed to provide notice of intent to subpoena health care records and forced Dr. Morrison to incur significant legal fees to block the improper access to Protected Health Information.

2.37    The DOH has established a pattern and practice of use false and threatening letters sent to the target of their DOH investigations' health care providers

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

demanding Protected Health Information asserting fines, public shaming on their website and loss of their professional health licenses if they do not violate their patients' rights of due process and turn over their Protected Health Information without a warrant, subpoena or notice to their patients of DOH's efforts to gain access to Protected Health Information.

2.38    The Attempt to directly access Dr. Morrison's Protected Health Information by threatening Dr. Morrison's physicians violated Dr. Morrison's constitutionally protected rights including but not limited to the Right to Due Process, the Right to be Free from Unreasonable Search and Seizure, the Right of Privacy and the Right not to be retaliated against for the exercise of constitutional rights.

2.39    Mr. Terhaar threatened Dr. Morrison's attorney with criminal prosecution for protecting Dr. Morrison's Protected Health Information and advising Dr. Morrison's physicians that the effort to brow beat them into turning over Protected Health Information to Mr. Terhaar was contrary to law.

2.40    The attempt of Mr. Terhaar to obtain unlawfully Protected Health Information was also directly contrary to the procedures outlined in the DOH "Investigator Desk Manual" that provided an obligation to both give Notice of Intent to Subpoena and to Obtain the Information only through a subpoena.    Mr. Terhaar was unsuccessful in intimidating Dr. Morrison's physicians into disclosing protected health information because Dr. Morrison's attorney had previously encountered a custom and practice within the Department of Health to evade procedural protections afforded to the subject of a DOH investigation from improper access to the target's Protected Health Information (PHI).    Previous attempts to use such improperly gathered information resulted in a successful Motion in Limine to preclude the use of such improperly gathered PHI in a DOH proceeding.

COMPLAINT -Page 11

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.41    After Terhaar was blocked from accessing Dr. Morrison's protected health information by agreement of Washington State Assistant Attorney General Tracy Bahm in an e-mail dated November 5, 2018 at 4:08 p.m. someone submitted an anonymous complaint to WSH Chief Executive Officer, Dave Holt dated November 8, 2018 regarding Dr. Morrison.

2.42    In that anonymous complaint the allegation was made that Dr. Morrison was "arrested and booked" on charges of solicitation of a prostitute; that he was "currently under investigation for not reporting this incident" and "lying about it to investigators." T. Terhaar was among the only persons aware of his interaction with Dr. Morrison. If the anonymous complaint was sent by Mr. Terhaar it was not done in the course and scope of his duties as a Health Care Investigator nor was an official acts performed in the course of his duties. Further, Mr. Terhaar's backdoor attempt to access Dr. Morrison's Protected Health Information in violation of DOH published policies and procedures was conduct outside his role as a health care investigator and should not be cloaked by immunity.

2.43    Mr. Terhaar has an obligation to keep his work as an investigator confidential, yet he is making disclosures, including false and defamatory disclosures to his wife and others. These acts are not acts taken as an official act performed in the course of his duties but were acts taken for Mr. Terhaar's callous, retaliatory and vindictive motives and are outside his function as a health care investigator.

2.44    Allegedly, as a result of the anonymous complaint Dr. Morrison was placed on alternate assignment, removed from care of female clients and denied meaningful work and the extra pay that Dr. Morrison would normally receive. This alternate assignment continued for many months and caused Dr. Morrison significant economic and non-economic damages.

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.45   Mr. Terhaar submitted his report to the Board of Health Systems Quality Assurance in which he deliberately misrepresented facts and omitted exculpatory information and mischaracterized information that he had been provided. Nevertheless, the DOH closed its investigation "without disciplinary action because there was no violation determined." While the content of Mr. Terhaar's report may be within the cloak of immunity afforded under the law, it demonstrates his willingness to lie and shows his retaliatory and vexatious nature. By contrast the lies he told his wife and others about Dr. Morrison were not in the course and scope of his official duties.

2.46   Notwithstanding that no discipline was imposed upon Dr. Morrison by DOH, DSHS continued to keep Dr. Morrison in an alternate assignment, publicly removed him from having access to female patients and sought to discipline him for failing to report an arrest with no charges filed from 2011 based on an anonymous complaint.

2.47   DSHS assigned a new investigation of Dr. Morrison to the Washington State Patrol. Not only did the Washington State Patrol acquire the non-conviction criminal history data regarding Dr. Morrison improperly, it shared that information with DSHS officials who included it into Dr. Morrison's personnel materials and continue to republish the unlawfully obtained material. Washington State Patrol had no legitimate law enforcement interest in obtaining eight year old, non-conviction data, much less sharing it with DSHS personnel. DSHS uses WSP to cloak its investigation with a law enforcement imprimatur that it is a law enforcement investigation when the purpose of the investigation is entirely civil and serves no legitimate law enforcement purpose. The WSP then improperly gained access to non-conviction data regarding Dr. Morrison even through the WSP was acting in a civil capacity and had no law enforcement purpose for accessing such information.

COMPLAINT -Page 13

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.48    DSHS issued an "oral reprimand" to Dr. Morrison, but reduced the Oral Reprimand to a written document that was placed into his personnel file and denied his grievance about the basis for the reprimand.  In the documentation of the oral reprimand, DSHS selectively quoted DSHS policies and omitted language that made clear that Dr. Morrison was under no obligation to report an erroneous arrest that had no impact upon his duties at WSH, particularly since no charges were ever filed.  There was no finding of guilt, admission of guilt, deferred sentence or other actions taken to enforce any criminal violation against Dr. Morrison.     DSHS seeks to smear Dr. Morrison.   DSHS treats the action as an "oral reprimand" and points out to his Union Attorney that he has no right to seek arbitration of the discipline under the collective bargaining agreement of "Oral Reprimands" beyond the Agency Head.  DSHS never established that the policy relied upon was in place in 2011.

2.49    Dr. Morrison was subsequently again placed on an alternate assignment without justification on June 4, 2020.   As a result of this alternate assignment Dr. Morrison again suffered both economic and non-economic damages.

2.50    Dr. Morrison has been subjected to disparate treatment, isolation and loss of wages as a result of the disparate treatment that includes, but is not limited to a reassignment costing him $15,120.00 per month and a reassignment and denial of extra duty assignments costing him $12,960.00 per month.

2.51    Mr. Holt held a meeting with all of the Unions representing employees at WSH to look at current conditions and brainstorm improvements.   Notably, the Union Physicians of Washington and Dr. Morrison the UPW President was not invited to the meeting and was purposely excluded.   This undermined Dr. Morrison's effectiveness as a Union President and appears to be another retaliatory act to strike

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

at Dr. Morrison for his exercise of his Constitutional rights and is an unfair labor practice.

2.52    A supplemental tort claim was filed on line with the State of Washington on June 8, 2020.

2.53    It is believed and asserted that the individual defendants named herein have conspired together to injure Dr. Morrison and retaliate against him for his exercise of his First Amendment rights and previously exercised right of petition, his role as a Union leader and to inflict ongoing injury to Plaintiff by denying him extra duty assignments while dubious allegations are in drawn out investigations.

2.54    That the actions of the Defendants were taken under color of law, with the exception of the actions of T. Terhaar in defaming plaintiff, unlawfully accessing Dr. Morison's non-conviction data through his wife Jennifer Terhaar.

2.55    The actions of J. Terhaar were taken under color of law in her capacity as an employee of the TPD.

2.56    The TPD has endorsed and supported the behavior of J. Terhaar and her conduct therefore exposes Tacoma to liability for invasion of privacy and violation of Dr. Morrison's criminal records privacy when it permitted the disclosure of non-conviction data by J. Terhaar pursuant to *respondeat superior*.  It is not alleged that TPD or Tacoma is engaged in the conspiracy to retaliate against Dr. Morrison that is being pursued by the State of Washington.

2.57    That the DOH was negligent in hiring and retaining T. Terhaar in light of his proven history of untruthfulness, intimidation and retaliatory conduct.

2.58    It is asserted that the actions described herein are part of an ongoing effort to discriminated and retaliate against Dr. Morrison for his engaging in protected conduct of speech, the right of petition, his union activities, his right to oppose

COMPLAINT -Page 15

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

unlawful access to his protected health information and restricted non-conviction data.

2.59    The Defendants DSHS, Holt, Raymer and Paredes, continue to engage in retaliatory conduct against Plaintiff by asserting unjustified disciplinary claims against him, and prolonging the investigation while denying Plaintiff the opportunity to engage in extra duties.   The denial of extra duties is intended to inflict economic injury in the form of lost pay and reduced retirement benefits in retaliation for Dr. Morrison exercising his federally protected Constitutional rights.

2.60    The actions of the Defendants were done with malice and/or reckless indifference to the rights of Plaintiff.

2.61    The actions of Defendants represent an ongoing pattern of unlawful conduct against Plaintiff and continue almost daily.

2.62    As a result of the actions of Defendants, Plaintiff has sustained substantial economic damages in an amount to be proven at the time of trial.

2.63    As a result of the actions of Defendants, Plaintiff has sustained substantial non-economic damages in an amount to be proven at the time of trial

2.64    The Department of Health will continue to seek to violate the privacy and due process rights of health care professionals and invade their privacy by seeking access to Protected Health Information of objects of their investigations by sending false, misleading and intimidating letters to their health care providers unless the DOH is enjoined from such conduct in violation of law going forward.

2.65    The conduct of the Defendants named herein was willful and not entitled to immunity and that judicially created doctrine in claims pursuant to 42 U.S.C. §1983 should be carefully examined by the court and reconsidered or abrogated.

## III.    CAUSES OF ACTION AND PRAYER FOR RELIEF.

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1. Violation of Constitutional Right of Free Speech.

   The actors identified herein have violated Dr. Morrison's right of free speech protected by 42 U.S.C. 1983. Dr. Morrison continues to be singled out for discriminatory and retaliatory actions from administrators at WSH, including inappropriate investigations, unwarranted disciplinary actions, stigmatizing allegations and inclusion of inappropriate and privileged material in his personnel file.

2. Violation of Constitution Right of Liberty to Petition for Redress.

   The actors identified herein have violated Dr. Morrison's right to seek access to the courts to petition for redress of grievances as protected by 42 U.S.C. 1983. Dr. Morrison continues to be singled out for discriminatory and retaliatory actions from administrators at WSH, including inappropriate investigations, unwarranted disciplinary actions, stigmatizing allegations and inclusion of inappropriate and privileged material in his personnel file. Whether these actions are motivated by his continuing to raise matters of public concern under his Free Speech rights or in retaliation for having sought redress for the prior discriminatory actions will be determined in discovery and/or trial. DSHS further imposed discipline upon the basis of a presumed criminal act for which no charges were ever filed and disregarded Dr. Morrison's presumption of innocence. Plaintiff asserts that DSHS is deliberately attempting to build a record against Dr Morrison in retaliation for his prior protected conduct on behalf of himself and his union members, thereby violating his constitutionally protected rights of due process, speech petition and equal protection.

3. Unfair Labor Practice.

   The retaliatory acts of DSHS of suspending Dr. Morrison from his duties on the basis of an anonymous complaint, curtailing his pay, and seeking to stigmatize him are unfair labor practices taken in retaliation for his activities as president of the physician's union.

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Dr. Morrison continues to be singled out for discriminatory and retaliatory actions from administrators at WSH, including inappropriate investigations, unwarranted disciplinary actions, stigmatizing allegations and inclusion of inappropriate and privileged material in his personnel file.  Whether these actions are motivated by his continuing to raise matters of public concern under his Free Speech rights or in retaliation for having sought redress for the prior discriminatory actions or for his Union activities will be determined in discovery and/or trial.

4.  Libel and/or Slander.

Todd Terhaar engaged in libel and/or slander when he alleged that Dr. Morrison had lied in the course of a DOH investigation, was slated for termination, had patronized prostitutes or such other and further statements and writings as may be revealed in discovery.   Jennifer Terhaar engaged in libel and/or slander when she passed on allegations regarding Dr. Morrison that she knew to be untrue or acted in reckless disregard for whether the statements she repeated were true.

5.  Invasion of Privacy

The parties identified herein have invaded Dr. Morrison's right of privacy by improperly disclosing non-conviction data regarding Dr. Morrison, seeking to obtain Dr. Morrison's protected health information and disclosing information about Dr. Morrison's involvement in the DOH investigation through improper means and in violation of DOH policy.  Both MR. Tehaar and the WSP improperly obtained non-conviction data regarding Dr. Morrison without having any legitimate law enforcement purpose and disclosed that information to DOH and DSHS.  Mr. Terhaar disclosed confidential information regarding his investigation of Dr. Morrison to his wife, DOH and others despite not having any legitimate law enforcement purpose.   The DSHS uses the WSP from private, non-criminal investigations that have no law enforcement purpose in order

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

to leverage the WSP access to protected, non-conviction data, stigmatize parties under investigation and present the appearance that since law enforcement personnel are conducting investigations that there must be some criminal misconduct being investigated with the intent of stigmatizing the targeted individual.   DSHS uses WSP investigators selectively and not as a matter of routine.   J. Terhaar and TPD also violated Plaintiff's privacy.   J. Terhaar violated Plaintiff's right of privacy by unlawfully and improperly sharing non-conviction data and/or confirming the existence or non-existence of non-conviction data and that conduct was ratified and endorsed by the Tacoma Police Department.

6.   Violations of Criminal Records Privacy Act.

Dr. Morrison's non-conviction data was purged from the data base on November 20, 2018. Washington's Criminal Records Privacy Act, RCW 10.97, generally provides for the "completeness, accuracy, confidentiality, and security of criminal history record information...." RCW 10.97.010. Section 10.97.080 of the act states: "No person shall be allowed to retain or mechanically reproduce any nonconviction data except for the purpose of challenge or correction when the person who is the subject of the record asserts the belief in writing that the information regarding such person is inaccurate or incomplete." *Beltran v. State, Dep't of Soc. & Health Servs.*, 98 Wash. App. 245, 259, 989 P.2d 604, 611–12 (1999). RCW 10.97.050 specifically controls the dissemination of nonconviction information.  For the purposes this information was being used, WSP, DSHS, DOH, TPD and South Sound 911 do not fall within any of the exceptions provided in the Criminal Records Privacy Act exceptions for those who are allowed to access this type of information. TPD, DOH, Todd Terhaar, Jennifer Terhaar and the WSP improperly accessed, copied and disclosed non-conviction criminal history information in violation of the Criminal Records Privacy Act,

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

without any legitimate law enforcement purpose and as part of an ongoing pattern and practice of harassment and retaliation against Dr. Morrison for his attempts to address the serious short comings of management at DSHS to properly address conditions at WSH that present serious dangers to patients and a monumental waste of tax payer funds in an effort to cover up legitimate concerns regarding patient care and working conditions at DSHS.

7.  Tortious Interference With Business Relations

Todd Terhaar took deliberate and inappropriate acts to interfere with Dr. Morrison's employment at Western State Hospital including but not limited to making unlawful disclosure and efforts to obtain confidential information to pass on to Dr. Morrison's employer with a deliberate intent to injure Dr. Morrison and his employment relationships at WSH.

8.  Civil Conspiracy.   The Defendants combined to accomplish the unlawful purpose of retaliating against Plaintiff for the exercise of his Constitutional rights and using unlawful means and entered into agreement or agreements to carry out such unlawful purpose or to accomplish lawful purpose by unlawful means.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That an order issue that the Department of Health be enjoined from seeking Protected Health Information for the target of a DOH investigation without providing notice and an opportunity to be heard by the target of the investigation for whom Protected Health Information records are sought by DOH, that DOH provide a comprehensive training manual on procedural due process safeguards to protect Protected Health Information of targets of investigation, and that DOH be required to post on the DOH website for 300 days a notice informing the public of its violation of patient privacy against targets of investigations and stating that DOH

COMPLAINT -Page 20

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

may not request Protected Health Information without following specifically enumerated due process procedures to protect the rights of health care professionals.

2.      That Plaintiff be provided economic and non-economic damages as are proven at trial.

3.      That Plaintiff be provided punitive damages against the individual Defendants who violated his rights under the color of law.

4.      That the all non-conviction data relating to thePlaintiff in the possession or control of any Defendant be purged and delivered to Plaintiff's counsel to allow Plaintiff to dispose of such material as the Plaintiff deems appropriate.

5.      That Plaintiff be awarded all costs and attorneys' fees as may be allowed by law, including, but not limited to, 42 U.S.C.§1988.

6.      That these pleadings be deemed to conform to the evidence presented at trial.

7.      For such other and further relief as the court deems just and equitable.

DATED this ___16th___ day of August, 2020.

KRAM & WOOSTER, P.S.


Richard H. Wooster WSBA #13752
Attorneys for Plaintiff

COMPLAINT -Page 21

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile