**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| GLENN S. MORRISON, Individually, | NO. 3:20-cv-06015-JHC |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER REGARDING DISCOVERY OF TODD TERHAAR'S PERFORMANCE EVALUATIONS** |
| STATE OF WASHINGTON; DEPARTMENT OF HEALTH and SOCIAL SERVICES (DSHS); DEPARTMENT OF HEALTH (DOH); DAVID HOLT, CEO WESTERN STATE HOSPITAL, KATHERINE RAYMER; DANIEL RUIZ PAREDES; TODD M. TERHAAR, DOH HEALTH CARE INVESTIGATOR III; CITY OF TACOMA and JENNIFER TERHAAR, | |
| Defendants. | |

1. **INTRODUCTION**

This matter comes before the Court on Defendant Todd Terhaar's Motion for Protective Order to Preclude Production of Personnel Evaluations. Dkt. # 46. The motion is unopposed.

Plaintiff submitted written discovery requests to DOH seeking, *inter alia,* "a complete copy of Todd Terhaar's personnel file, including his initial application for employment with the Department of Health." The production of Mr. Terhaar's performance evaluations is appropriate, but limitations on the

PROTECTIVE ORDER REGARDING
DISCOVERY OF TODD TERHAAR'S
PERFORMANCE EVALUATIONS – 1
Cause No.:  3:20-cv-06015-JHC

parties' use and dissemination of this material is also appropriate. Discovery of this material involves production of confidential and private information for which special protection is warranted. Accordingly, this Court finds the following Protective Order is appropriate.

2. CONFIDENTIAL MATERIAL

Confidential material shall include Mr. Terhaar's performance evaluations, produced by the Department of Health in this lawsuit at Bates Nos. 01040001-79.

3. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3.1 A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

3.2 Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    a) The receiving party's counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b) The Officers, Directors, Managers and in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation, as well as non-counsel employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

c) Employees of the receiving party who have a need to know to perform job functions related to the litigation or in responding to such things as Public Records Act requests or as required by law;

d) Experts and consultants to whom disclosure is reasonably necessary for this litigation;

e) The Court, court personnel, and court reporters and their staff subject to the filing requirements outlined below;

f) Professional copy, document management, electronic discovery or imaging service providers retained by counsel to assist in the management and duplication of Confidential Material, provided that such service provider agreed in writing to use the Confidential Material only to perform services for the party that has retained it in this litigation to not disclose any Confidential Material to third parties and to immediately return all originals, copies, and digital images of any Confidential Material upon rendering of the service;

g) Witnesses during a deposition in the action to whom disclosure is reasonably necessary.

h) The author or prior recipient of a document containing the Confidential Material;

i) A custodian or other person who otherwise possessed or knew the Confidential Material prior to this litigation;

j) Mock trial and jury consultants, including, but not limited to, mock jurors and

k) Any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation, provided that such mediator has agreed in writing to maintain the confidentiality of confidential information received in this action.

PROTECTIVE ORDER REGARDING
DISCOVERY OF TODD TERHAAR'S
PERFORMANCE EVALUATIONS – 3
Cause No.: 3:20-cv-06015-JHC

Case 3:20-cv-06015-JHC   Document 69   Filed 08/09/22   Page 4 of 5

3.3     Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons agree not to further disseminate any information of documentation.

5.      INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are

PROTECTIVE ORDER REGARDING
DISCOVERY OF TODD TERHAAR'S
PERFORMANCE EVALUATIONS – 4
Cause No.:  3:20-cv-06015-JHC

those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

6.  TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

DATED this 9th day of August, 2022.

_____
Hon. John H. Chun