UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN S. MORRISON, DO., | CASE NO. 3:20-cv-06015-JHC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; DEPARTMENT OF HEALTH; DAVID HOLT, COE WESTERN STATE HOSPITAL; KATHERINE RAYMER, DANIEL RUIZ PAREDES, TODD M. TERHAAR, DOH HEALTH CASE INVESTIGATOR III; CITY OF TACOMA and JENNIFER TERHAAR, | |
| Defendants. | |

This matter comes before the Court on the parties' Stipulation to Extend Discovery Cut-off Deadline and Dispositive Motions Deadlines (Dkt. # 87), which the Court construes as a motion. Having considered the motion and the governing law, the Court GRANTS in part and DENIES in part the joint motion.

Trial in this matter is set for January 31, 2023. Dkt. # 30. The current discovery cut-off is September 29, 2022. *Id.* The current deadline for dispositive motions is October 28, 2022. *Id.*

ORDER - 1

The parties seek an extension of the discovery cut-off to October 25, 2022 and an extension of the dispositive motions deadline to November 28, 2022.  Dkt. # 87.

The Court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for resolving disputes.  First, the Court generally sets the discovery motions deadline 30 days before the deadline for discovery to allow the Court to resolve the motions within the discovery period.  Second, the Court generally sets the discovery cut-off 30 days before the deadline for filing dispositive motions to ensure that the Court has before it a complete record when it considers a motion that could potentially dispose of the case.  Third, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period considers: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the Court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) another 30 days during which the Court endeavors to rule on the motion, *id.*  LCR 7(b)(5).

The Federal Rules of Civil Procedure provide that a schedule may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  The Court has already granted one extension of time to complete the depositions of three witnesses, until October 31, 2022.  Dkt. # 81.  However, the parties nonetheless request an additional extension of the discovery cut-off to depose approximately ten (10) additional witnesses.  Dkt. # 87.  In support of their motion, the parties state that they "are currently and diligently negotiating and resolving various scheduling issues in terms of party and witness depositions" but that they nonetheless "need to extend discovery to depose additional witnesses past the September 29, 2022 discovery deadline" because of the need to accommodate various witnesses' schedules.  Dkt. # 87.

The Court is disinclined to adopt the parties' proposed deadlines, as extending the dispositive motions deadline by one month would potentially put the trial date in jeopardy.

ORDER - 2

Substantially shortening the amount of time between the dispositive motions deadline and the trial date would leave inadequate time for the parties to consider the Court's ruling and plan for trial or an alternate resolution.  However, the Court will grant the parties' joint motion in part.  The Court will grant an extension of the discovery deadline, for the purposes of deposing the ten (10) additional witnesses, to October 25, 2022.  The Court will grant a short extension of the deadline for dispositive motions to November 3, 2022.  All other deadlines will remain unchanged.  The Court cautions the parties that if they wish to seek additional deadline extensions, they must be prepared to show good cause.

Dated this 14th day of September, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3