UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN S. MORRISON, DO.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; DEPARTMENT OF HEALTH; DAVID HOLT, COE WESTERN STATE HOSPITAL; KATHERINE RAYMER, DANIEL RUIZ PAREDES, TODD M. TERHAAR, DOH HEALTH CASE INVESTIGATOR III; CITY OF TACOMA and JENNIFER TERHAAR,<br><br>Defendants. | CASE NO. 3:20-cv-06015-JHC<br><br>ORDER DENYING SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(D) |

This matter comes before the Court on Defendants David Holt, Katherine Raymer, and Daniel Ruiz Paredes' Motion for Summary Judgment (Dkt. # 39) and Defendant Todd Terhaar's Motion for Summary Judgment (Dkt. # 43). Having considered the submission in support of and in opposition to the motions, the applicable law, and the case file, the Court DENIES Defendants' motions without prejudice on Rule 56(d) grounds.

Plaintiff brings various causes of action against Defendants, alleging that they retaliated against him during his employment at Western State Hospital. Dkt. # 1–1. Defendants have

ORDER DENYING SUMMARY
JUDGMENT UNDER FED. R.
CIV. P. 56(D) - 1

moved for summary judgment in two separate motions, seeking dismissal of all claims against them. *See* Dkts. ## 39, 43. In his Responses to Defendants' motions, Plaintiff sought relief under Federal Rule of Civil Procedure 56(d), claiming discovery was not complete and depositions of key witnesses had not been taken. *See* Dkt. # 49 at 6–7; Dkt. # 55 at 8–10.

Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, a court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, the party opposing summary judgment "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986)). Moreover, unless the party requesting a continuance "has not diligently pursued discovery of the evidence," their request "should be granted almost as a matter of course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).

As Plaintiff sets forth in declarations from his counsel, additional time for discovery is needed to depose all the moving Defendants (Holt, Raymer, Ruiz Paredes, and Terhaar) and other key witnesses. Dkt. # 56 at 1–2; Dkt. # 57 at 1–2. Plaintiff also asserts that these depositions have not been scheduled because they would be most useful if sequenced after all responsive documents have been produced. Dkt. # 56 at 2–3; Dkt. # 57 at 2–3. In opposition, Defendants argue that Rule 56(d) relief is not warranted because the discovery Plaintiff claims to

need would not support his claims, and because Plaintiff has not diligently pursued discovery in this matter.  *See* Dkt. # 64 at 8; Dkt. # 66 at 4–5.

The information Plaintiff seeks is sufficiently identified, plainly relevant to his claims, and likely to be obtained from his discovery targets.  *See Emps. Teamsters*, 353 F.3d at 1129.  For instance, Plaintiff wishes to depose Defendants Holt, Raymer, Ruiz Paredes and Terhaar about, among other topics, whether they conspired together to retaliate against Plaintiff for speaking out on matters of public concern, whether they unlawfully disclosed Plaintiff's confidential information, and whether they treated Plaintiff differently compared to others to inflict emotional or financial injury.  *See* Dkt. # 56 at 3; Dkt. # 57 at 3.  Because discriminatory or retaliatory intent can be an elusive factual determination, summary judgment before the named Defendants are deposed would be inappropriate.  *See Yartzoff v. Thomas,* 809 F.2d 1371, 1377 (9th Cir. 1987).  Also, the parties have litigated several discovery disputes, including a motion to compel filed by Plaintiff that was denied without prejudice based on Defendants' promise to produce certain documents.  *See* Dkt. # 45.  Plaintiff represents that only some of these documents were produced, and those that were arrived too close to their Response deadline to incorporate them into their briefing.  Dkt. # 49 at 49 at 7; Dkt. # 55 at 9.  As with the depositions of named Defendants and key witnesses, Plaintiff should be able to incorporate the information from these documents into their briefing, subject to any further rulings on discovery by the Court.

And the Court does not find that Plaintiff has been dilatory in his discovery efforts.  Although Plaintiff apparently did not take any depositions of the named Defendants before filing their briefs, discovery at that point remained open for several more months.  And Plaintiff asserts that he cannot conduct these depositions until Defendants willingly produce or are compelled to produce certain documents.  Dkt. # 56 at 2–3; Dkt. # 57 at 2–3.  The benefits of sequencing

ORDER DENYING SUMMARY
JUDGMENT UNDER FED. R.
CIV. P. 56(D) - 3

discovery in that way are plain and the Court concludes that Plaintiff's approach is reasonable here.  Apparently, there has not been much time for Plaintiff to carry out that approach, however, because Defendants continue to object to Plaintiff's interrogatories and requests for production without producing responsive information or documents.  *See, e.g.*, Dkt. # 62.

Because Plaintiff has made a timely request relief under Rule 56(d) that identifies with sufficient specificity relevant information he seeks more time to pursue, and because Plaintiff has not been unduly dilatory in his efforts to obtain discovery in this matter, the Court concludes that relief under Rule 56(d) is warranted.  *See Emps. Teamsters,* 353 F.3d at 1129.  Once Plaintiff has had a reasonable opportunity to complete document discovery and depose witnesses, Defendants may again move for summary judgment.

Accordingly, the Court DENIES Defendants' motions for summary judgment without prejudice to refiling after the close of discovery.  The Court acknowledges that discovery closes in less than a week and that several discovery disputes are ongoing.  The parties should notify the Court if they will need a modification to the case schedule to accommodate additional discovery.

Dated this 17th day of November, 2022.

John H. Chun
United States District Judge

ORDER DENYING SUMMARY
JUDGMENT UNDER FED. R.
CIV. P. 56(D) - 4