UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MORRISON,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, et al.,<br><br>      Defendants. | Case No. 3:20-cv-6015-JHC<br><br>ORDER ON MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on plaintiff's second motion to compel discovery and request for sanctions. Dkt. 74. United States District Judge John H. Chun referred this discovery motion to the undersigned Magistrate Judge. 28 U.S.C. § 636(b)(1)(A), United States District Court for the Western District of Washington MJR 1(j), 3, 6, 7, 9(a). The parties have complied with the meet-and-confer requirement of Fed. R. Civ. P. 37(a)(2)(B). For the reasons set forth herein, plaintiff's motion to compel is denied in part and granted in part.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 37, a party may move for an order compelling a party to appropriately respond to discovery when a party fails to produce documents or permit inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party to serve on another party a request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b)(1) states:

ORDER ON MOTION TO COMPEL DISCOVERY - 1

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 33, the purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." *Soria v. Oxnard Sch. Dist. Bd of Trs.*, 488 F.2d 579, 587 (9th Cir. 1973). If the responding party objects, any objection must be plain and specific, to allow the court to understand the specific objectionable characteristic being asserted by the responding party. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

According to Fed. R. Civ. P. 34, requests for production, including requests for electronically stored information (ESI) and tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*.

A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id*. Additionally,

the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

A district court has broad discretion to grant or deny a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Fed. R. Civ. P. 26(b)(2)(C), the Court is required to limit the frequency or extent of discovery if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the requesting party "has had ample opportunity to obtain the information by discovery in the action," or if the requesting party is seeking information that is outside of the scope of discovery under Rule 26(b)(1).

I.   Plaintiff's Motion to Compel

Plaintiff's motion requests an order compelling defendants Washington State Department of Health (DOH) and Department of Social Health (DSHS) and Services to produce the following:

A. From DOH

- Request for Production No. 10: Copies of any letters or requests for Protected Health Information regarding the target of any DOH investigation submitted to the target of the investigation's personal health care providers in 2018. Dkt. 74 at 3.
- Interrogatory No. 3: Communications between DOH employees and DSHS employees regarding plaintiff since 2018. *Id.*
- Interrogatory No. 5: Communications between DOH employees and Washington State Patrol (WSP) employees regarding plaintiff since 2018. *Id.*

B. From DSHS

- Interrogatory No. 1: Identity of any employee of Western State Hospital (WSH) that has reported any arrest to WSH Administration since 2011. *Id.*
- Interrogatory No. 9: Whether any patient care duties ordinarily performed by plaintiff were assigned to any other employee or contractor from August 2018 to the present. *Id.* at 4.
- Interrogatory No. 12: Identity of the physician whom DSHS, Secretary Cheryl Strange believed was stating there were problems at Western State Hospital. *Id.*
- Interrogatory No. 15: Reasons and/or policies that required plaintiff to be removed from his duties while he was investigated for failing to report his arrest, and identifying the person who made the decision to restrict plaintiff's duties. *Id.*
- Interrogatory No. 16: Reasons and/or policies that required plaintiff to be removed from his duties during the investigation of plaintiff for not adhering to COVID protocols. *Id.*

Plaintiff also seeks responses to his requests for production and interrogatories served on the individually named defendants, David Hold, Katherine Raymer, and Daniel Ruiz Paredes. *Id.*

With respect to DOH's response Interrogatory No. 5 and DSHS's response to Interrogatory No. 1, defendants have stated in their previous discovery responses that they do not possess any responsive documents or information. Dkt. 76 at 3. Defendants are only required to produce records within their "possession, custody or control," and it

ORDER ON MOTION TO COMPEL DISCOVERY - 4

is plaintiff's burden to prove defendants have possession of the information requested. *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)).

Plaintiff has not met this burden here. Plaintiff does not identify any basis for a belief that any responsive, non-privileged, documents are being withheld. Thus, plaintiff's motion to compel with respect to DOH's response to Interrogatory No. 5 and DSHS's response Interrogatory No. 1 is **DENIED.**

In response to plaintiff's RFP No. 10 requesting that DOH produce copies of letters or requests for Protected Health Information regarding the target of any DOH investigation submitted to the target of the investigation's personal health providers, defendants argue that this request is unduly burdensome. Dkt. 76 at 3. DOH estimates that it would take up to 480 hours to review between 1,800-2,000 cases from 2018 to respond to plaintiff's RFP. *Id*. Such review would cost the agency approximately $15,300 to $17,500 to respond. However, it seems probable that DOH can rely on a computer-generated review process to alleviate some of the burden. The amount of time apparently required to review the cases is, in and of itself, not a sufficient reason to deny plaintiff's motion to compel.

Defendants also contend this request is not relevant to any of plaintiff's causes of action against DOH specifically. *Id.* The claims against DOH, i.e., Washington's Criminal Records Act and civil conspiracy, do not require plaintiff to show that DOH had a "pattern and practice" of violating the rights of DOH investigatory targets. While defendants are correct in stating that plaintiff are not required to show a "pattern and practice" for those specific claims, plaintiff has demonstrated that the information

ORDER ON MOTION TO COMPEL DISCOVERY - 5

requested could be admissible for another purpose, such as proving intent or knowledge. *See generally,* Fed.R.Evid. 404(b); *see also, Woody v. Stapp*, 146 Wn.App. 16, 22 (Wash. Ct. App. 2008) (To establish a claim for civil conspiracy, a plaintiff must show (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) ... an agreement to accomplish the conspiracy.); *see also* RCW 10.9710 (Washington's Criminal Records Act). Because plaintiff has described ways in which the requested information pertains to a matter relevant to a claim or defense, and Rule 26(b)(1) states a party is not required to establish the information is admissible evidence, plaintiff's motion to compel a supplemental response to RFP No. 10 is **GRANTED**.

With respect to plaintiff's Interrogatory 9 to DSHS, thus far, DSHS has provided plaintiff with the names and email addresses of employees who covered for plaintiff while he was placed on alternate assignments. *See* Dkt. 76 at 6. DSHS did not provide home addresses for such employees, however. Plaintiff generally states in his motion that he cannot serve non-parties with subpoenas without an address. In this case, the employees mentioned work for DSHS, and plaintiff does not have home addresses for these nonparties. The Court directs counsel and clients for DSHS to cooperate in this discovery process by providing information on how DSHS will allow for service of subpoenas on their employees.

DSHS further did not disclose the payroll for such employees. While the salary information of nonparties may not constitute privileged information per se, it is information that should be afforded protection to the extent possible. On the other hand, such information may be relevant to the issue of damages, and plaintiff may require this

information as part of his case. The parties should therefore cooperate with one another to facilitate exchange of this information in a manner that would provide relevant information to plaintiff while protecting the privacy of nonparties.

DSHS should also cooperate in providing information on which doctors were employees versus contractors. Thus, plaintiff's motion to compel a supplemental response to Interrogatory 9 is **GRANTED.**

In response to plaintiff Interrogatory No. 12 to DSHS requesting information on former Secretary of State, Cheryl Strange's beliefs, defendants state that Ms. Strange is no longer Secretary of DSHS and is now the Secretary of Department of Corrections. Dkt. 76 at 6. If plaintiff seeks specific information from Ms. Strange, he should follow the discovery rules to take her deposition pursuant to Federal Rule of Civil Procedure 30. If counsel for defendants is already in the process of scheduling this deposition, counsel for plaintiff should coordinate. Thus, plaintiff's motion to compel DSHS's supplemental response to Interrogatory No. 12 is **DENIED**.

With respect to plaintiff's Interrogatory No. 3 to DOH (Dkt. 74 at 3) and Interrogatories Nos. 15 and 16 to DSHS (*Id.*), defendants state they have responded in full and provided documents in line with Federal Rule of Civil Procedure 33, which provides that an answer to an interrogatory may be answered by specifying records. Dkt. 76 at 4, 7. The records must be specified "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." Fed. R. Civ. P. 33(c).

In response to each of these interrogatories, defendants indicated the location within their production where plaintiff would be able to find the information requested.

Plaintiff, in his motion, states that defendants did not identify the person who ordered plaintiff's removal from his position; yet plaintiff did not request this information in his interrogatory.

Nonetheless, defendants identified David Holt as the individual who assigned plaintiff to home assignment during the investigation. *Id.* at 7. Defendants identified the records for plaintiff with sufficient specificity. Thus, plaintiff's motion to compel supplemental responses with respect to DOH's Interrogatory No. 3 and DSHS's Interrogatory Nos.15 and 16 is **DENIED**.

Finally, plaintiff seeks to compel discovery responses from the individual defendants who have not responded to plaintiff's supplemental requests because they have a pending summary judgment motion based on qualified immunity. Dkts. 39, 43. On November 17, 2022, the Honorable Judge Chun denied defendants' motion for summary judgment without prejudice to refiling after the close of discovery. Dkt. 107. Defendants were informed that they could move for summary judgment again once plaintiff has had reasonable opportunity to complete discovery and depose witnesses. *Id.* at 4.

Therefore, plaintiff's motion to compel discovery responses from the individual defendants is **GRANTED**. As stated in the order denying defendants' summary judgment motion, the parties should notify the Court if they will need a modification to the case schedule to accommodate additional discovery. *Id.*

## CONCLUSION

For the foregoing reasons, plaintiff's second motion to compel (Dkt. 74) is **denied in part and granted in part**. Plaintiff's motion to compel supplemental responses from

DOH is **DENIED** as to Interrogatory Nos. 4 and 5 and **GRANTED** as to Request for Production No. 10. Plaintiff's motion to compel supplemental responses from DSHS is **DENIED** as to Interrogatory Nos. 1, 12, 15 and 16, and **GRANTED** as to Interrogatory No. 9. Finally, plaintiff's motion discovery responses from the individual defendants is **GRANTED** in light of Judge Chun's denial of the defendants' motion for summary judgment without prejudice.

Dated this 22nd day of November, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge